# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES SCURLOCK, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CV-1318 CDP |
| WHOLE FOODS MARKET, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, Charles Scurlock, has filed a civil suit and seeks leave to proceed in forma pauperis. After review of the financial information provided by plaintiff, the Court will grant plaintiff's motion to proceed in forma pauperis. However, plaintiff will be required to show cause, within twenty-one (21) days of the date of this Memorandum and Order why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## The Complaint

Plaintiff brings this action against defendant Whole Foods Market. He alleges that defendant sold him an "unsafe product," namely "baby bananas. He states that the "baby bananas" contained a parasite and after eating them he got sick. Plaintiff states he suffers pain and suffering and "medical" injuries. However, plaintiff does not articulate his medical injuries. He seeks damages between $50,000 and $75,000.

## Discussion

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. In fact, plaintiff identifies, on his civil cover sheet filed with his complaint, that this case is a "personal injury/product liability action." Therefore, the Court may only hear this case if diversity jurisdiction exists.

It does not appear that diversity jurisdiction exists in this matter. Plaintiff has not identified the citizenship of either himself or defendant.[1] He has also failed to explain how the amount in controversy exceeds $75,000 in this action. As a result, the Court will order plaintiff to show cause within twenty-one (21) days of this Memorandum and Order why this action should not be dismissed for lack of jurisdiction.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

---

[1] Plaintiff has indicated that he lives in St. Louis, Missouri.

At this time, the Court believes that plaintiff is competent to present his claim on his own behalf. The facts in this case are not complex and it appears that plaintiff has the ability to investigate his own claims. As such, the Court will decline to appoint counsel in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that plaintiff must show cause **within twenty-one (21) days** of this Memorandum and Order why this action should not be dismissed for lack of jurisdiction.

Dated this 16th day of November, 2021.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE